### GROLIER SOC. OF LONDON v. FORSHAY.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

1. INFANTS ⬩⟞58(1)—CONTRACTS—RIGHT TO DISAFFIRM.
    An infant, entering into a contract for the purchase of books, had an absolute right to disaffirm, and tender back the books.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 149; Dec. Dig. ⬩⟞58(1).]

2. INFANTS ⬩⟞57(1)—CONTRACTS—"RATIFICATION."
    "Ratification" requires affirmative action on the part of the infant, showing unequivocally an intention to confirm the contract.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 140; Dec. Dig. ⬩⟞57(1).
    For other definitions, see Words and Phrases, First and Second Series, Ratification.]

3. INFANTS ⬩⟞57(1)—CONTRACTS—RATIFICATION—EVIDENCE.
    Defendant, who while an infant entered into a contract for the purchase of books, and who within a few days after he received them offered to return them to plaintiff, and who did not pay any further installments, and who thereafter held the books, not to obtain any benefit under the contract, but merely under an offer to return, was not liable on the ground of ratification.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 148; Dec. Dig. ⬩⟞57(1).]

---

⬩⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Grolier Society of London against Ralph H. Forshay. From a judgment entered in favor of plaintiff, after trial before the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Frank Harvey Field, of New York City (Richard Lee Phillips, of New York City, and Henry B. Moore, of counsel), for appellant.

Mark H. Ellison, of New York City, for respondent.

LEHMAN, J. The defendant on February 16, 1915, agreed in writing to purchase a set of books from the plaintiff, and to pay therefor the sum of $39.60 in monthly installments of $2. He paid the sum of $2 at the time when the order was given, and received delivery of the books. The plaintiff has now recovered a judgment for the sum of $37.60, which is still unpaid, together with interest and costs.

[1] The defendant in his answer set up the plea of infancy. At the trial he proved that when he made the contract he was two days under the age of 21. The defendant consequently had an absolute right to disaffirm his contract and tender back the books, unless it appears that after he arrived at the age of 21 years he ratified the contract.

[2, 3] Ratification requires affirmative action on the part of the infant showing unequivocally an intention to confirm the contract. International Text-Book Company v. Connelly, 206 N. Y. 188, 99 N. E. 722, 42 L. R. A. (N. S.) 1115. In this case I can find no such act. On the contrary, while the books were not returned to the plaintiff until the month of July, they were retained by the defendant under circumstances which unequivocally show that the defendant repudiated the contract.

It is undisputed that, within a few days after he received the books, the defendant offered to return them to the plaintiff, and that he did not thereafter pay any further installments. Even if the offer to return the books was coupled, as plaintiff claims, with a statement that the reason for the offer to return was because the defendant could buy them cheaper elsewhere, such a statement would certainly not be any evidence of an affirmance of the contract. The mere retention of the books after that for a period of a few months would not show any acceptance of the benefit; in fact, coupled with the defendant's repudiation of liability and failure to pay the installments due, it could hardly be considered even an acquiescence in the contract. The plaintiff, however, claims that the defendant's testimony shows an affirmative agreement that he would "keep the books," and that this agreement is sufficient to show a ratification. This testimony is:

"I told him that I did not want the books and that I did not think I was liable. I told him I would return the books and pay the expressage and any other minor expenses, and he told me he would not accept the books; and I *told him I would keep the books until he would agree to accept them*, at which time I would return the books at my expense."

Instead of showing an agreement to keep the books, this testimony shows affirmatively that the defendant held the books, not to obtain any benefit under the contract, but merely under an offer to return.

Judgment should be reversed, with $30 costs, and complaint dismissed, with costs. All concur.